No. 46,340

Richard L. Floyd, *Appellant*, v. State of Kansas, *Appellee*.

(495 P. 2d 92)

Opinion filed March 4, 1972.

*William D. Coombs,* of Wichita, argued the cause and was on the brief for the appellant.

*Keith Sanborn,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *Gary H. Jarchow,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: Appellant complains because he was not afforded a hearing on his motion to vacate his conviction, filed under K. S. A. 60-1507. When his motion was denied without such hearing (and without counsel being appointed for him) he filed a "Motion to Rehear *De Novo*," insisting on his right to an evidentiary hearing on the original motion. When this motion was similarly denied, he perfected this appeal.

His *pro se* 60-1507 motion was filed on September 12, 1969, in the court which had earlier that year accepted his plea of guilty to two counts of felony (burglary and larceny, and unlawful possession of a pistol). The main thrust of the motion was that his guilty plea had been coerced, and that the chief instrument of coercion had been his appointed attorney. A subsidiary claim, therefore, was ineffective assistance of counsel.

The claimed coercion was broken down by appellant into three elements. First, he alleged that his attorney had misled him into believing two codefendants had been endorsed as potential witnesses against him. The record shows that the state's motion to so endorse them had in fact been sustained about two weeks prior to appellant's scheduled trial date, so he was not "misled." Second, he asserted that his counsel made him vividly aware of the horrors of prison life, particularly as affecting those sentenced to long terms under the habitual criminal act. It was, of course, incumbent upon counsel to advise petitioner of the possible penalties he faced, and failure to do so would have been a dereliction of his duty. See, *Fields v. State*, 195 Kan. 718, 720, 408 P. 2d 674; *McCall v. State*, 196 Kan. 411, 415, 411 P. 2d 647. One of those possibilities was an enhanced sentence because of his prior convictions, and its existence did not amount to "coercion." *Stiles v. State*, 201 Kan. 387, 440 P. 2d 592. Neither of these allegations required the trial court to hold a hearing.

The third contention was that his attorney "badgered, cajoled, [and] persistently persuaded him to enter a plea of guilty" despite appellant's insistence on standing trial, and that during this alleged campaign "[t]he Movant herein was definitely informed personally by appointed counsel he would not make constructive effort to aid him at trial." This placed him, he alleged, "between a hostile Court of law and an unwilling appointed counsel," and led to his plea of guilty.

As witnesses who could support his contentions appellant listed the names and addresses of the appointed attorney about whom he complained, and a woman residing in Wichita, who turns out to be his sister.

What is a trial court's duty when confronted with such a motion? Under K. S. A. 60-1507 it is to grant a prompt hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

Was there such a conclusive showing in this case? As to the first two of appellant's points, we think there was, as noted above. As to the third, however, it is difficult to see how the motion, files and records could, standing alone, conclusively foreclose any relief.

The charge made against appellant's counsel was a grave one, imputing to him an expressed intention to abjure his oath as an

attorney and his duty to his client. The claim was that if appellant insisted on going to trial his attorney would go through the motions of representing him, but would not in fact assist him in his defense. If this charge were true it would entitle appellant to relief, since a plea entered in the face of this alternative could not be said to be a voluntary one in any meaningful sense of that word.

In this respect the claim is different from that made by the prisoner in *Sharp v. State*, 203 Kan. 937, 457 P. 2d 14. The element of "coercion" there alleged was counsel's advice that a guilty plea would enable the defendant to escape the death penalty. This court held that the record of the plea proceedings could not be impeached by the defendant's uncorroborated allegations where that record demonstrated in meticulous detail the voluntary character of the plea. In addition, two members of the court took the position that the petition alleged no more than that the defendant took his attorney's advice, and that this could not amount to coercion. The two dissenters, it may be noted, thought the allegations sufficient to warrant relief if proved, and that the naming of the attorney involved as a potential witness made the "uncorroborated allegation" rule inapplicable.

Here, the attorney's advice was alleged to have been coupled with a threat to subvert the defense if it was not followed. The petition named not only the attorney but appellant's sister as potential witnesses, and so could not be said to be uncorroborated.

The situation is akin to that in *Rodgers v. State*, 197 Kan. 622, 419 P. 2d 828, where factual allegations were made which, if true, would be grounds for relief, and potential witnesses were named. We held an evidentiary hearing was required, saying:

". . . Even though the charges leveled by the petitioner may seem improbable the matter raised could not be determined alone by the files and records of the court." (p. 624.)

In this case the trial court did not grant a prompt hearing. Rather, some six months after the motion was filed the court requested an affidavit from appellant's original attorney. This affidavit, recounting the events surrounding his representation of appellant, was filed April 3, 1970. On April 24, 1970, the court entered its order denying relief, concluding on this point:

"The Court requested Movant's court appointed counsel to file a verified statement regarding the allegations made by Movant although the Court had previously determined that Movant's allegations were not substantial enough

to merit an evidentiary hearing. The Court after having examined counsel's statement finds no reason to change its finding.

"In view of the record in this case, Movant's allegations are not substantial enough to merit a plenary hearing.

"The motion, files and records of this case conclusively show that the Movant is entitled to no relief and his Motion should be overruled."

It will be noted that the court indicated that its decision to overrule the motion summarily had been made *before* requesting and receiving the affidavit. As indicated above, the case was not a proper one for summary disposition. The fact remains that such disposition was not made until the court had had an opportunity to consider evidence quite apart from the "files and records" in the case.

At this juncture the case approached the situation in *Brown v. State* 196 Kan. 236, 409 P. 2d 772, where the court heard only the state's evidence on a 60-1507 motion and refused to permit the petitioner to be present. We held this to be error, since the facts in controversy (whether notice had been given before invoking the habitual criminal act) concerned events in which he had participated. If the claim based on those events was substantial enough that evidence was to be taken, he was entitled to be present under Rule 121 (*h*). The same may be said here. Despite the trial court's ultimate finding that the claim was not substantial, it must have entertained some doubt or the affidavit would not have been requested.

One further facet of this case deserves mention, and that involves the present appeal to this court. Appellant filed his *pro se* notice of appeal and request for counsel on August 31, 1970. On November 13, 1970 the trial court appointed the same attorney who had represented appellant at the time of his plea, and whose conduct was the chief subject of appellant's complaint. We believe this was improper. It thrust the attorney into a position where his duty to his client and his interest in protecting his personal integrity were in obvious and irreconcilable conflict.

Further, he had already given evidence in the case and was required to urge a position which, if successful, would inevitably lead him to be a witness in the future. He was precluded from accepting employment in the case by the Code of Professional Responsibility, DR 5-101. He nevertheless complied with the trial court's order and protected appellant's interests by preparing and filing the Record herein, and then asked leave to withdraw.

This court granted such leave the day it was requested, March 11, 1971, and directed the trial court to appoint new counsel "forthwith." Present counsel was appointed on April 21, 1971.

We have examined the proceedings during which appellant entered his plea. They show a careful inquiry by the sentencing court designed to ascertain the voluntary and knowledgeable nature of the plea, and the factual basis for it. Appellant's present contentions are rendered highly implausible thereby, but they are not conclusively disproved. Accordingly, the judgment is reversed and the case remanded with directions to appoint counsel and conduct an evidentiary hearing on the original motion.

APPROVED BY THE COURT.