No. 81,366

Ignacio Lujan, *Appellant,* v. State of Kansas, *Appellee.*

(14 P.3d 424)

Opinion filed December 8, 2000.

*Shelley K. Kurt,* of Hooker, Oklahoma, argued the cause and was on the brief for appellant.

*Don L. Scott*, county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Ignacio Lujan petitions this court for review of an unpublished decision of the Court of Appeals affirming the district court's denial of his K.S.A. 60-1507 motion. This court granted review on the limited issue of whether Lujan's right to due process of law under the Fourteenth Amendment of the United States Constitution and state law was violated because he was denied the right to be present for the hearing on his K.S.A. 60-1507 motion. We reverse and remand for a hearing in the petitioner's presence.

Lujan was convicted of two counts of aggravated kidnapping and two counts of aggravated rape. His convictions were affirmed on January 24, 1997, in an unpublished opinion by the Court of Appeals in *State v. Lujan*, Case No. 75,778. Thereafter, he filed a motion pursuant to K.S.A. 60- 1507 alleging a variety of trial errors, including an allegation of ineffective assistance of counsel, both at trial and on appeal. He listed five witnesses in his motion, but his own name was not among them. The district court appointed counsel and scheduled a hearing.

Lujan filed a pro se motion to be present at the hearing. The district court denied the motion. Lujan then renewed the motion immediately prior to the hearing. The district court again denied the motion but allowed Lujan to present an affidavit setting forth the evidence he wished to present. In the affidavit, Lujan alleged, among other things, that his trial counsel had told him that he had subpoenaed witnesses and that the witnesses would testify. He further claimed that his trial counsel coerced him into refusing to testify. The district court, upon reviewing the affidavit, found that there was no evidence in the affidavit that required Lujan's presence.

Three witnesses testified on behalf of Lujan at the hearing regarding evidence which Lujan alleged his attorney had failed to present. The State called a witness to rebut these allegations. The

State also called Lujan's trial attorney, Mike Allen, who testified regarding his actions in preparing and conducting the trial. Allen testified that he carefully considered all of the issues and leads in the case in making tactical decisions. He stated that he did everything that Lujan demanded as long as he thought it was proper under the law. He testified that he discussed all tactical issues with his client and that they disagreed on some issues. On a brief cross-examination, Allen testified that he and Lujan discussed the possibility of Lujan's testifying at trial but that he did not remember what was specifically said. He did remember making a tactical decision that it was not in Lujan's best interest to testify.

At the conclusion of the hearing, the district court denied Lujan's K.S.A. 60-1507 motion. Lujan appealed, raising several issues including the denial of his request to be present at the hearing. The Court of Appeals affirmed the district court's denial of Lujan's K.S.A. 60-1507 motion. Regarding Lujan's request to be present, the Court of Appeals found that whether a petitioner is allowed to be present for a K.S.A. 60-1507 hearing is a matter within the discretion of the district court. The Court of Appeals recognized this court's prior decisions in *Brown v. State*, 196 Kan. 236, 409 P.2d 772 (1996); *Ray v. State*, 202 Kan. 144, 446 P.2d 762 (1968); and *Floyd v. State*, 208 Kan. 874, 495 P.2d 92 (1972), holding that where an evidentiary hearing involves fact issues regarding events in which the petitioner participated, the district court is required to provide the petitioner a chance to be present. However, the Court of Appeals, with one member of the panel dissenting, referred to that line of cases as "dated" and concluded:

"Here, Lujan set forth his complaints in his K.S.A. 60-1507 petition. He reiterated those complaints in the affidavit submitted to the trial court. Had Lujan been present at the hearing, it appears he would have testified to nothing more than the allegations already set forth in writing. Given that Lujan was allowed this input at the hearing, and Lujan's counsel had ample opportunity to cross- examine his trial counsel, we cannot say that the trial court abused its discretion in denying Lujan's request to be present. Under the particular facts of this case, *Brown, Ray,* and *Floyd* do not compel a different result." Slip op. at 3.

The dissent concluded that *Brown, Ray,* and *Floyd* remained good law and required that petitioner be given the opportunity to be present for the hearing:

"While *Brown*, *Ray*, and *Floyd* are not recent cases, the quality of their reasoning is unchanged. They require a fundamental balance. If a hearing is justified and involves events in which the petitioner participated, then it is improper to allow all except the petitioner to present their evidence to the court in person. Even assuming that Lujan would not have directly testified to anything beyond what he offered in his affidavit, the critical factor is the denial of his ability to respond to the evidence offered by others, particularly the trial counsel who is the subject of his complaint. Although counsel was appointed to represent the petitioner at the hearing, the petitioner was not present to assist his counsel in assessing and challenging the evidence of other witnesses. If a hearing is warranted, all parties should be on an equal footing." Slip op. at 8.

ANALYSIS:

The question of whether Lujan had a right to be present for his K.S.A. 60-1507 hearing depends upon the provisions of K.S.A. 60-1507 and Kansas Supreme Court Rule 183(h) (1999 Kan. Ct. R. Annot. 197), and this court's interpretation of both the statute and the rule. Ultimately, the answer to the question depends upon whether denying Lujan the right to be present for his hearing denied him due process of law as guaranteed under both the United States Constitution and the Kansas Constitution.

Contrary to the Court of Appeals' decision, our standard of review in this case is one involving the interpretation of K.S.A. 60-1507. Thus, our standard of review is unlimited.

K.S.A. 60-1507 provides remedies to prisoners in custody in regard to their sentences:

"(a) *Motion attacking sentence.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

K.S.A. 60-1507(b) provides some direction for our answer to the question raised in this appeal:

"(b) *Hearing and judgment.* Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of

law with respect thereto. *The court may entertain and determine such motion without requiring the production of the prisoner at the hearing.* If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate." (Emphasis added.)

Kansas Supreme Court Rule 183 elaborates and implements the provisions of K.S.A. 60-1507 by setting forth the procedures to be followed when filing a motion attacking the sentence. Subsection (h) of the rule directly addresses the question we must resolve in this appeal:

"(h) PRESENCE OF PRISONER. The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present." (1999 Kan. Ct. R. Annot. 198).

The Court of Appeals' majority decision affirming the trial court's denial of Lujan's motion to be present for his K.S.A. 60-1507 hearing, as well as the dissenting opinion, discuss the following three key decisions by this court relating to a prisoner's right to be present for hearing: *Brown v. State*, 196 Kan. 236, 409 P.2d 772 (1966); *Ray v. State*, 202 Kan. 144, 446 P.2d 762 (1968); and *Floyd v. State*, 208 Kan. 874, 495 P.2d 92 (1972). All three cases are important in resolving the issue we now face.

In *Brown v. State*, the petitioner collaterally attacked his sentence, alleging that he did not receive notice that the State was planning to invoke the Habitual Criminal Act. The district court held an evidentiary hearing on the issue but overruled the petitioner's counsel's objection that his client was not present at the hearing. After hearing evidence, the court denied the petitioner's K.S.A. 60-1507 petition. 196 Kan. at 237-39. In reversing, this court noted the language quoted above, which at that time was contained in Supreme Court Rule 121(h) (194 Kan. XXVIII), concluding that the fact put in issue by the petitioner's motion was a substantial

issue of fact as to an event in which the petitioner participated. 196 Kan. at 240. This court then stated:

"It is apparent that the trial court in the exercise of its power of discretion found the claim of the petitioner to be substantial and granted an evidentiary hearing; but it only heard one side of the case, that of the state, and it refused to permit the petitioner to be present over the objection of the petitioner's counsel. On this point we hold the trial court erred. It should have granted the petitioner a full evidentiary hearing by requiring him to be present at the hearing, before it ascertained the facts placed in issue." 196 Kan. at 240.

In *Ray*, the petitioner filed a K.S.A. 60-1507 motion claiming, among other things, ineffective assistance of counsel. The district court held a hearing at which the petitioner was not present. The district court found that there were no issues of fact requiring Ray's presence, denied his motion to be present, and denied his K.S.A. 60-1507 motion. 202 Kan. at 145. This court held that the petitioner should have been allowed to be present and to testify regarding his ineffective assistance of counsel claim, noting:

"What was done by Mr. Knittle in the course of representing the movant was a matter concerning which Mr. Ray would normally have knowledge, the representation comprising, as it must, a series of events in which he had participated as Knittle's client. It seems apparent, as we said was the case in *Brown*, that the trial court entertained some question concerning the movant's representation, inasmuch as he proceeded to hear evidence touching upon the need for holding a plenary hearing in the movant's presence.

"Two of the three witnesses who testified touched on Knittle's legal qualifications in a laudatory vein, even though they professed no independent recollection of what, if anything, he had done on behalf of his client. The movant, himself, being absent, could not be heard by way of reply; what his testimony might have been is not revealed in the record, although a letter to his counsel, reproduced in his brief, provides some indication.

"Under the circumstances which appear in this case, we conclude that a full evidentiary hearing should have been held with movant present and permitted to testify." 202 Kan. at 148-49.

In *Floyd*, the petitioner also filed a K.S.A. 60-1507 motion which alleged, among other things, that his trial counsel coerced him into pleading guilty. The district court refused to grant a hearing but instead requested an affidavit from the petitioner's trial counsel. Reversing, this court disagreed with the district court's finding that a hearing was unnecessary, stating that as to the petitioner's claim

that his counsel coerced him to plead, the motion, files, and records did not conclusively foreclose relief. This court referenced *Brown* regarding the petitioner's right to be present at such a hearing, stating that if the claim was based on events in which the petitioner participated and was substantial enough that evidence should be taken, which the district court did in considering the trial counsel's affidavit, the petitioner was "entitled to be present under Rule 121(h)." 208 Kan. at 877.

None of the cases cited above have been overruled and all three remain the law in Kansas. Nevertheless, the Court of Appeals, in its majority decision, determined that the question of whether a defendant is allowed to be present for a K.S.A. 60-1507 hearing is a matter within the discretion of the trial court. Relying upon the language of Kansas Supreme Court Rule 183(h) and our decisions in *Van Bebber v. State*, 220 Kan. 3, 4, 551 P.2d 878 (1976), and *Call v. State*, 195 Kan. 688, 693, 408 P.2d 668 (1965), *cert. denied* 384 U.S. 957 (1966), the majority concluded that the trial court did not abuse its discretion in denying the petitioner's motion to be present for the hearing.

In *Call*, the petitioner appealed the denial of his K.S.A. 60-1507 motion in which he raised several trial errors including ineffective assistance of counsel. The trial court held no evidentiary hearing but found that the petitioner had raised no factual questions or issues requiring his presence or requiring appointment of counsel. 195 Kan. at 689. In upholding the trial court, we noted that an evidentiary hearing under K.S.A. 60-1507 does not extend to those instances where the claims advanced are trivial, frivolous, or insubstantial. 195 Kan. at 693. Citing *Webb v. State*, 195 Kan. 728, 408 P.2d 662 (1965), we further noted that the sentencing court is vested with discretion in ascertaining whether the claim made is substantial before granting an evidentiary hearing requiring the petitioner's presence. 195 Kan. at 693. After a thorough review of the record, we determined in *Call* that the petitioner's claims were insubstantial and that the trial court did not abuse its discretion in denying the petitioner's K.S.A. 60-1507 motion.

In *Van Bebber*, the petitioner, in his K.S.A. 60-1507 motion, specified the following grounds for relief: (1) Several witnesses for

the State lied to investigating officers and perjured themselves in testifying, (2) his attorney coerced him into pleading guilty and failed to adequately represent him, and (3) his plea and subsequent sentence constituted a miscarriage of justice. 220 Kan. at 3. The trial court appointed an attorney for the petitioner, held a hearing without the petitioner being present, and permitted counsel to present the evidence which would be submitted if a formal hearing were to be held with the petitioner present. The trial court found the proffers showed that no grounds for relief could be substantiated, no further hearing was required, and the presence of the petitioner was unnecessary. 220 Kan. at 3.

On appeal, the petitioner claimed that the trial court erred in failing to grant him a full evidentiary hearing. We noted that the proper procedure for a K.S.A. 60-1507 motion had been followed by the trial court and that upon examination of the files and records of the case, and the offers of proof, the district court was correct in finding that the petitioner's motion was without merit and that a further hearing with the petitioner present was unnecessary. 220 Kan. at 5.

The above cases interpreting the provisions of K.S.A. 60-1507 and Supreme Court Rule 183(h) require a full evidentiary hearing with the presence of the petitioner only in those cases where substantial issues of fact exist as to events in which the petitioner participated. Where the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, the trial court may summarily deny relief. The trial court has discretion to ascertain whether the claim of the petitioner is substantial before granting a full evidentiary hearing and requiring the petitioner to be present. Rule 183(h). Thus, the cases and law examined posit three avenues of approach for the district court faced with a K.S.A. 60-1507 motion. First, it may determine that the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, in which case it will summarily deny the petitioner's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the petitioner. Third, the court may determine that a potentially substantial issue

or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the petitioner. If the issue or issues are substantial, involving events in which the petitioner participated, the court must proceed with a hearing involving the presence of the petitioner.

In the case we now examine, the district court proceeded under the second option outlined above by conducting a full evidentiary hearing. Under K.S.A. 60-1507(b), Rule 183(h), and our above cases, it is clear that where such a hearing is conducted and substantial issues of fact exist as to events in which the petitioner had participated, the petitioner must be allowed to be present. Prior to the hearing, Lujan asked to be present. The district court denied his motion. However, this denial was not based on the district court's conclusion that no substantial factual issues had been raised regarding events in which Lujan had participated. Rather, the district court decided that Lujan's presence was unnecessary because an affidavit regarding his testimony would suffice. Under the circumstances of this case, the presence of the petitioner was not a question subject to the court's discretion. The petitioner was entitled to be present under the law of this state.

The Court of Appeals also concluded that Rule 183(h) and *Brown, Ray,* and *Floyd* were substantially complied with because Lujan was allowed to present an affidavit regarding his testimony, and his counsel at the hearing had ample opportunity to cross-examine his trial counsel. However, as noted by Judge Stutzman in his dissent, Lujan's absence precluded him from responding to the evidence presented at the hearing and from assisting his trial counsel in cross-examination. The cross-examination of Lujan's trial counsel conducted by Lujan's counsel at the hearing was brief, and Lujan's counsel did not attempt to refute anything to which the trial counsel testified despite the fact that Lujan's affidavit contained allegations that his trial counsel did not subpoena witnesses as he asked and persuaded Lujan not to testify even though he

wanted to do so. Under the circumstances, Lujan's presence might have been helpful in cross-examining or rebutting his trial counsel's testimony. The affidavit that Lujan was allowed to present was not a proper substitute for his presence. Because it is clear that the hearing in this case involved substantial issues of fact regarding events in which Lujan participated, Supreme Court Rule 183(h) and this court's decisions in *Brown, Ray, and Floyd* control this case and require reversal of the Court of Appeals and the district court.

Judgment of the Court of Appeals affirming the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.

LARSON, J., not participating.
DAVID S. KNUDSON, J., assigned.