(218 P.3d 1191)

No. 101,132

STATE OF KANSAS, *Appellee,* v. JOSEPH WEBBER, *Appellant.*

Opinion filed October 9, 2009.

*Michelle Davis,* of Kansas Appellate Defender Office, for appellant.

*Allen Shelton,* county attorney, and *Steve Six,* attorney general, for appellee.

Before RULON, C.J., ELLIOTT AND HILL, JJ.

HILL, J.: In this case, the district court held what it called a preliminary hearing on Joseph Webber's two posttrial motions where the court heard testimony from Webber's trial counsel. At the time of the hearing, Webber was serving his sentence for rape

and although the court did not order his return from the penitentiary, it did appoint him counsel. Chief among the claims made by Webber in his motions was an allegation that his trial attorney failed to file a notice of appeal, even though Webber had asked him to do so. Since prior cases teach us to construe pro se pleadings liberally, we view one of Webber's motions—his "Motion to File Notice of Appeal out of Time"—as an allegation of ineffective assistance of counsel. Kansas courts have ruled consistently that a movant has a right to be present at an evidentiary hearing in a K.S.A. 60-1507 motion. Because this motion is in the nature of a K.S.A. 60-1507 motion, we hold Webber had a statutory right to be present when the court took evidence on his claim. The so-called preliminary hearing became an evidentiary hearing. Therefore, the court erred when it took testimony on this motion when Webber was not present. We reverse and remand.

*Following the K.S.A. 60-1507 procedures, the hearing started as a preliminary hearing, held to decide if Webber's motion presented any question of fact requiring an evidentiary hearing to resolve.*

In 2006, Webber was convicted of four counts of statutory rape, in violation of K.S.A. 21-3502(a)(2), and two counts of aggravated indecent solicitation of a child, in violation of K.S.A. 21-3511. The court imposed 310 months' incarceration as his sentence.

Webber made no appeal but did file two posttrial motions. In his K.S.A. 60-1507 motion, Webber alleged: "No evidence and no prove that i did this crime." In the section of the form related to ineffective assistance of counsel, Webber merely mentioned the name of his trial counsel; Webber did not allege the errors his counsel supposedly committed. Further, the motion was not signed and verified. In his motion for leave to file an appeal out of time, Webber alleged that he requested his trial counsel to file a direct appeal but that his counsel failed to do so within 10 days of sentencing. Webber further alleged that his trial counsel was ineffective in allowing medical hearsay evidence to be admitted without objection, that trial counsel did not effectively cross-examine the State's witnesses, and that trial counsel was not prepared for trial.

In April 2008, the district court appointed counsel for Webber and granted a limited hearing on Webber's motions. Webber's appointed counsel did not request Webber's presence prior to the hearing. At the hearing, Webber's counsel called Webber's trial counsel, Philip Hardman, to testify. Hardman's testimony covered all of the allegations of ineffective assistance of counsel raised in Webber's motions. Following Hardman's testimony, Webber's counsel pointed out the obvious limitations he was forced to deal with:

"Again, I'm a little bit hamstrung, well, I don't know about hamstrung. My problem is without hearing from Mr. Webber about it, and you know his motion is unverified, so that can't even be included as testimony. I guess this is a little unusual. I understand the preliminary examination part of this and that you've, you know, we've heard from Mr. Hardman, who clearly defended Mr. Webber on two cases in this, you needed to hear from him. It was easy to do that and there wasn't a great deal of expense in doing that.

"Without you hearing from my client about dates and times or notes that he may have passed asking for an appeal, and then having to be cross-examined, of course, on why he waited so long, you know, it hadn't been docketed. I mean there is a lot here that could still be done with Mr. Webber.

"But from the examination of Mr. Hardman, I understand how it works and you would have to find Mr. Hardman was completely unbelievable, and Mr. Webber would be completely believable to do something different here."

The district court interpreted these comments as a request to allow Webber to testify, which the court denied. The court then considered Webber's motions and denied both of them. In this appeal, Webber contends that the district court erred in accepting testimony at a hearing on Webber's motions without Webber's presence at the hearing.

*We focus on Webber's statutory right to be present.*

Webber filed two motions pro se with the district court, a motion under K.S.A. 60-1507 and a "Motion for Leave to File Notice of Appeal Out of Time." In Kansas, pro se pleadings are to be liberally construed to give effect to the content of the arguments rather than the labels and forms used to couch those arguments. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (construing argument in K.S.A. 60-1507 motion as request for DNA testing

under K.S.A. 2003 Supp. 21-2512); *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005) ("While pro se pleadings are to be liberally construed so that relief may be granted if warranted by the facts alleged, this simply means that the substance of the pleading controls over its label.").

Webber labeled his motion a "Motion for Leave to File Notice of Appeal Out of Time," but it also contains further allegations of his counsel's deficient representation at trial. The motion also encompasses a *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), argument based upon Hardman's alleged failure to file a notice of appeal as requested. See *State v. Patton*, 287 Kan. 200, 219, 195 P.3d 753 (2008) ("The second and third [*Ortiz*] exceptions—applicable when a defendant was not furnished an attorney to perfect an appeal or was furnished an attorney for that purpose who failed to perfect and complete an appeal—go to the right of counsel and effectiveness of counsel."). In light of the complete absence of argument within the K.S.A. 60-1507 form he filed on the same date, Webber's "Motion for Leave to File Notice of Appeal Out of Time" will be construed as an extension of his K.S.A. 60-1507 motion, not an independent motion.

Therefore, the district court could resolve Webber's motion as a K.S.A. 60-1507 motion. A district court may resolve a motion under K.S.A. 60-1507 in three ways. *First*, the court can summarily dismiss the motion because the motion, the record, and the court files conclusively demonstrate that the movant is not entitled to relief. *Second*, the court may appoint counsel and hold a preliminary hearing to determine whether the motion presents any substantial questions of fact that require an evidentiary hearing to resolve. *Third*, the court may appoint counsel and hold a full evidentiary hearing with the movant present. See *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007) (citing *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 [2000]).

Kansas courts have consistently maintained a movant's right to be present at an evidentiary hearing in a K.S.A. 60-1507 proceeding. *Bellamy*, 285 Kan. at 357; *Lujan*, 270 Kan. at 170-71; *Fischer v. State*, 41 Kan. App. 2d 764, 766-67, 206 P.3d 13 (2009), *pet. for review* filed May 5, 2009 (pending); see K.S.A. 60-1507(b); Kansas

Supreme Court Rule 183(h) (2008 Kan. Ct. R. Annot. 247). When the court here heard testimony and determined facts from that testimony, it changed the hearing from a preliminary hearing to an evidentiary hearing. For such a hearing, Webber had a statutory right to be present.

*We reject the State's arguments.*

The State tries vainly to justify the district court's refusal to allow Webber to be present in three ways. *First*, the State argues Webber was not entitled to be present at a preliminary hearing. *Next*, the State contends Webber's counsel invited the district court's error in admitting Hardman's testimony at the preliminary hearing. *Finally*, according to the State, the error, if any, in preventing Webber's participation in the hearing was harmless because the district court's dismissal of the motions was proper on the merits.

We turn to the State's first argument on this point that this was just a preliminary hearing. The State points out that evidence may be admitted at a preliminary hearing under K.S.A. 60-1507. Indeed, *Bellamy* recognizes the propriety of admitting *limited* evidence at a preliminary hearing. 285 Kan. at 354. However, that opinion cannot be read to permit any and all evidence at a preliminary hearing or the movant's statutory right to be present at a full evidentiary hearing is rendered meaningless. Consequently, the substance of the evidence admitted during the hearing must govern the label attached to the hearing. See *State v. Fewell*, 286 Kan. 370, 389, 184 P.3d 903 (2008) (noting that Kansas courts give effect to the substance of the law, not merely the form).

In *Lujan*, our Kansas Supreme Court recognized the distinction between the evidence admissible during a preliminary hearing without the presence of the movant and the evidence presented at a full evidentiary hearing requiring the presence of the movant.

"The above cases interpreting the provisions of K.S.A. 60-1507 and Supreme Court Rule 183(h) require a full evidentiary hearing with the presence of the [movant] only in those cases *where substantial issues of fact exist as to events in which the [movant] participated.* . . .

". . . Prior to the hearing, Lujan asked to be present. The district court denied his motion. However, this denial was not based on the district court's conclusion that no substantial factual issues had been raised regarding events in which Lujan's

presence was unnecessary because an affidavit regarding his testimony would suffice." (Emphasis added.) *Lujan*, 270 Kan. at 170-71.

Accordingly, we hold a full evidentiary hearing in a K.S.A. 60-1507 proceeding is required when two requirements are met: First, the claims presented in the motion raise substantial fact issues; and second, the fact issues concern events about which the movant has personal knowledge because he or she participated in the events. Because Hardman testified about the conference held with Webber after sentencing to discuss an appeal and about the effectiveness of Hardman's representation at trial, both of the requirements were satisfied by the hearing held in this case. Thus, the hearing should be properly classified a full evidentiary hearing. Webber's presence was required. See *Lujan*, 270 Kan. at 170-71.

### *This is not invited error.*

Next, we do not think this is a case of invited error as the State argues. Invited error prohibits a litigant from challenging on appeal an error by the district court that was caused or suggested to the district court by the litigant. See *State v. Plunkett*, 261 Kan. 1024, 1033, 934 P.2d 113 (1997) (" 'A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal.' "). In the present case, however, the error alleged on appeal is the district court's failure to permit Webber's attendance at the hearing. While Webber's counsel might have invited the district court to convert the hearing into a full evidentiary hearing, Webber's counsel did not invite the district court to exclude Webber.

### *We cannot hold this error to be harmless.*

Concerning the State's final point on this, we do not think this error is harmless. As noted in *Lujan*, the statutory right to be present during an evidentiary hearing in a K.S.A. 60-1507 proceeding encompasses more than the opportunity to confront hostile witnesses. A movant's presence at a hearing enables the movant to communicate with counsel, assist in the examination or cross-examination of witnesses, and perhaps offer rebuttal evidence. 270 Kan. at 171-72 (noting that movant's affidavit did not adequately

protect movant's right to be present). Essentially, in order to declare the error harmless, the court must be able to state that Webber's presence at the hearing would have had no effect on the outcome of the hearing.

The State also contends the district court possessed several alternative reasons for dismissing Webber's motions: the motion was not signed or verified, the motion was untimely under K.S.A. 60-1507(f), and Webber's claims possessed no merit.

With respect to the verification and timeliness of the motion, the district court acknowledged these problems with the motion in its order granting the preliminary hearing. Nevertheless, the district court concluded that Webber's motions presented substantial issues of fact related to trial counsel's preparation, participation in the trial, and filing of Webber's direct appeal. Presumably, the district court believed that the procedural deficiencies of Webber's motion did not warrant dismissal. The fact that the district court found no manifest injustice after the hearing does not render Webber's absence from the hearing harmless because the district court's manifest injustice determination was clearly influenced by the testimony provided by Hardman.

Actually, The State's argument highlights, rather than diminishes, the prejudice caused by Webber's absence from the hearing. Hardman provided a detailed description of his conference with Webber, but Webber might have been able to offer an alternative perspective on the information, which might have assisted his counsel in cross-examining Hardman or might have provided a refutation of Hardman's testimony. The district court could not properly weigh Hardman's testimony against Webber's when Webber had no opportunity to present his account or challenge Hardman's account.

Under Kansas law, Webber is not required to establish that any issues raised in a direct appeal would have provided him with relief; he is merely required to establish that he would have taken a timely direct appeal but for counsel's conduct. See *Patton*, 287 Kan. at 225. Therefore, Webber's absence from the evidentiary hearing was not harmless.

The district court could not properly resolve Webber's *Ortiz* claim without admitting and adopting additional evidence. The adoption of such evidence at a hearing where Webber was excluded cannot be deemed harmless.

Reversed and remanded with directions for further proceedings.