No. 65,568

DIVERSIFIED FINANCIAL PLANNERS, INC., *Appellee*, v. JOSEPH A. MADERAK, *Appellant*.

(811 P.2d 1237)

Opinion filed May 24, 1991.

*Blaise R. Plummer*, of Carson & Fields, of Overland Park, argued the cause and was on the brief for appellant.

*Cynthia C. Dunham*, of Martin, Leigh & Laws, of Kansas City, Missouri, argued the cause, and *Lynn E. Ebel*, of the same firm, was with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an action on an unsecured promissory note.

The appellant, Joseph A. Maderak, executed a promissory note in favor of Indian Springs State Bank of Kansas City, Kansas, (the Bank) on October 19, 1983. The Bank became insolvent and was taken over by the FDIC. Eventually, the FDIC discounted the note and sold it to the appellee, Diversified Financial Planners, Inc. (Diversified).

Diversified filed suit on the note on January 10, 1990, alleging that payment was last made on the note on March 25, 1985. Maderak answered, but did not deny any of the allegations in Diversified's petition. Maderak did set up four affirmative defenses in his answer. He claimed payment in full; that the claim is barred by the statute of limitations; usury (contending that because Diversified purchased the note at a discount, payment of interest on the full amount of the unpaid balance of the note would amount to usury); and unjust enrichment.

Maderak failed to comply with orders of the trial court and, as a result, the trial court struck all four of his affirmative defenses.

The case proceeded to trial, and the trial court entered judgment for Diversified for principal and interest due as of the date of trial in the amount of $14,390.01.

Maderak appeals, contending that the trial court erred in striking his defenses; that the statute of limitations bars Diversified's cause of action; that the trial court erred in admitting hearsay evidence of business records; and that Diversified was not a holder in due course and, thus, is subject to any and all defenses of defendant.

### 1. Abuse of Discretion

Maderak concedes that rulings on motions to strike defenses rest in the sound discretion of the trial court. *Bobo v. Mutual of Omaha Mutual Benefit Health & Accident Assn.*, 193 Kan. 465, 395 P.2d 317 (1964).

Maderak argues that the trial court abused its discretion and that his defenses do have merit. Maderak, however, ignores the

fact that he failed to respond at trial. First, Maderak failed to file motions briefing how his defenses were relevant, as ordered by the trial court in its scheduling order. Then, Maderak failed to file a response to the motion to strike. Then, at the beginning of trial, when Diversified reminded the trial court that it had granted the motion to strike, Maderak failed to argue the court's ruling was improper.

The trial court was acting well within its authority when it ordered Maderak to brief its defenses. K.S.A. 1990 Supp. 60-216 allows a court broad leeway in pretrial procedure in formulating the issues for trial. K.S.A. 1990 Supp. 60-216(b) provides that for failure to abide by a pretrial order, a court may order sanctions as set forth in K.S.A. 60-237(b)(2)(B), (C), or (D). Subsection (b)(2)(C) of section 60-237 allows a court to strike pleadings.

There are other reasons to uphold the trial court's order. "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987). Maderak did not argue the propriety of the court's order at trial and he cannot do so for the first time on appeal.

### 2. Statute of Limitations

Maderak's second issue is that the statute of limitations bars plaintiff's cause of action. This issue was stricken and Maderak did not deny in his answer that a payment was made on March 25, 1985, as alleged in Diversified's petition. Thus, by failing to deny the last payment was made within five years and not affirmatively setting forth a statute of limitations defense, the payment was admitted. K.S.A. 1990 Supp. 60-208(d).

The defense of the statute of limitations is an affirmative defense that must be pleaded and proved by one who asserts it. *Washington Avenue Investments, Inc. v. City of Kansas City*, 213 Kan. 269, 270, 515 P.2d 744 (1973). The failure to raise an affirmative defense at trial waives that defense on appeal. *U.S.D. No. 490 v. Celotex Corp.*, 6 Kan. App. 2d 346, 354, 629 P.2d 196, *rev. denied* 230 Kan. 819 (1981).

### 3. Business Records

Maderak contends that the trial court erred in admitting business records concerning the note and payment. He bases this

issue on a contention that the records are hearsay and not admissible under the business records exception because they were not prepared by Harlan Dietz, the only witness at trial, or someone under his supervision.

This issue is nearly irrelevant. The note was attached to the petition and Maderak failed to deny the allegations in Diversified's petition.

K.S.A. 1990 Supp. 60-208(d) provides: "Averments in a pleading to which a responsive pleading is required or permitted, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

The only open issue then is the amount of damages. As this is not proven by the admissions to the pleadings, the amount of the original debt and the interest rate can be determined from the face of the note. At trial, Maderak objected to the introduction of all exhibits, including the note, as hearsay and argued that they did not fall under the business records exception.

We are of the opinion that Maderak's complaints go to the weight of the evidence and that, under the circumstances, the trial court did not err in admitting the records as business records. Here, the records in question were made and kept by the Bank. When the Bank became insolvent, the FDIC sold the note in question to Diversified as part of a package of over 300 notes. The ledger sheets were delivered to Diversified with the notes. The Bank ceased to exist.

Harlan Dietz was an account manager for Diversified and was custodian of the records in question. Although he had never worked for the Bank or the FDIC, he had worked for a bank for 32 years prior to his current position. He testified he was familiar with bank records regarding loans and loan payments and how payments are credited to various loans. He testified he was familiar with the Maderak note and payment ledgers since their purchase from FDIC. He testified there was an unpaid balance of $7,400.88, plus interest of $6,989.13 due on the note and that the last payment on the note was made on March 25, 1985.

Maderak presented no evidence, but did offer to confess judgment for $3,000 (the sum Maderak alleges Diversified paid FDIC for the note) plus interest.

The Supreme Court of Maryland has held that the foundation necessary to establish that the records were made in the regular and normal course of business does not always require testimonial evidence. *Morrow v. State*, 190 Md. 559, 59 A.2d 325 (1948). In *Thomas v. Owens*, 28 Md. App. 442, 448, 346 A.2d 662 (1975), the Maryland Court of Appeals held: "At times a court may properly conclude from the circumstances and the nature of the document involved that the proffered document was made in the regular course of business."

We have previously held that in considering admissibility of business records, it is the policy of K.S.A. 1990 Supp. 60-460(m) that the trial court determine whether the source of information, method, and time of preparation reflect trustworthiness. *State v. Beasley*, 205 Kan. 253, 257, 469 P.2d 453 (1970), *cert. denied* 401 U.S. 919 (1971).

Here, the trial court implicitly found the records were made in the regular course of the Bank's business and were trustworthy. The determination of the presence of factors concerning admissibility is within the trial court's discretion. *Schraft v. Leis*, 236 Kan. 28, 43, 686 P.2d 865 (1984). The admissibility of the records rested in the trial court's sound discretion and, based on the record before us, we cannot say the court abused its discretion in admitting the ledger sheets showing the outstanding balance into evidence.

### 4. Holder in Due Course

We need not address this issue as plaintiff conceded in its brief and at oral argument that it did not rely on this theory for recovery.

Affirmed.