NOT DESIGNATED FOR PUBLICATION

No. 118,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JONATHAN EDWARDS,
*Appellant*,

v.

MIKE T. LOGAN,
*Appellee.*

ATTORNEY GENERAL DEREK SCHMIDT,
*Intervenor/Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed May 25, 2018. Appeal dismissed.

*Stephen L. Brave*, of Brave Law Firm, LLC, of Wichita, for appellant.

*J. Franklin Hummer*, of Shawnee Mission, for appellee Mike T. Logan.

*Bryan C. Clark* and *Dwight R. Carswell*, assistant solicitors general, for intervenor/appellee Attorney General Derek Schmidt.

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: Jonathan Edwards and Mike T. Logan were involved in an automobile accident which led to a lawsuit filed by Edwards to recover damages. Because Edwards was an uninsured driver at the time of the accident, the district court ruled that he was barred from recovering noneconomic damages pursuant to K.S.A. 2017 Supp. 40-3130(a). Edwards later waived his right to a jury trial and settled his claims

against Logan. Following a bench trial on stipulated facts, Edwards brings this appeal challenging the constitutionality of K.S.A. 2017 Supp. 40-3130(a). But because Edwards has waived the constitutional rights he is now asking our court to uphold for him and because an actual case or controversy no longer exists between the parties, we decline to reach the merits of Edwards' constitutional claims and we dismiss his appeal.

We will review the factual and procedural history of the case. On March 28, 2015, Edwards was traveling westbound on W. Wyatt Earp Boulevard in Dodge City, Kansas, when Logan negligently turned onto the same street from the stop sign at 13th Avenue and struck Edwards' vehicle. At the time of the accident, Logan was a minor and it was determined that his blood alcohol content was above .02. Logan later admitted to being 100 percent at fault and completely liable for the accident.

Edwards was injured from the accident, resulting in medical bills in the amount of $5,258.61. When the accident occurred, Edwards was knowingly operating an uninsured vehicle, and he had failed to maintain insurance on the vehicle for longer than 45 days.

On September 4, 2015, Edwards filed a petition in district court seeking to recover damages from Logan. The petition included a demand for a jury trial. The petition also sought a declaratory judgment asking the district court to find that K.S.A. 2015 Supp. 40-3130(a) is unconstitutional to the extent that the statute bars a person from recovering noneconomic damages sustained as a result of an accident while knowingly operating an uninsured automobile. By agreement of the parties, Attorney General Derek Schmidt (the Intervenor) intervened to contest the declaratory judgment.

On December 3, 2015, Edwards moved for summary judgment regarding the constitutionality of the statute. In that motion, Edwards alleged that the statute violated his constitutional rights to a jury trial, to a remedy, and to equal protection of the law. In response, Logan and the Intervenor advocated that the statute was constitutional and

should be applied to Edwards' case; the Intervenor also argued that Edwards lacked standing to challenge the constitutionality of the statute.

On March 3, 2016, the district court ruled from the bench that K.S.A. 2017 Supp. 40-3130(a) was constitutional, relying primarily on *Manzanares v. Bell*, 214 Kan. 589, 522 P.2d 1291 (1974), and *Miller v. Johnson*, 295 Kan. 636, 289 P.3d 1098 (2012). Despite this ruling, the district court permitted Edwards to present his claim for noneconomic damages to a jury in case an appellate court reversed the ruling on the constitutionality of the statute, to save from having another trial.

Before trial, though, Edwards and Logan settled the case as memorialized by a "Release of All Claims" signed by Edwards on February 17, 2017. As part of the settlement, Edwards received an immediate payment in the amount of $5,258.61 for his medical bills, and he waived his right to a jury trial on all contested issues. Edwards and Logan additionally agreed to submit the case to a trial judge for a bench trial on stipulated facts. The agreement also provided that Edwards would appeal the district court's ruling on the constitutionality of K.S.A. 2017 Supp. 40-3130(a), and Edwards would receive an additional $2,000 if the appeal was successful but recover nothing in the event it failed. The agreement does not specify how the $2,000 figure was calculated or whether the payment was intended to represent the recovery of noneconomic damages.

In accordance with the settlement agreement, the case was presented to the district court for a bench trial on the following stipulated facts:

> "1. On March 28, 2015, the Plaintiff was traveling westbound on W. Wyatt Earp Boulevard in Dodge City, Kansas when Defendant Logan negligently turned onto that same street from the stop sign at 13th Ave. and struck the Plaintiff's vehicle.
> "2. At the time of the accident, Defendant Logan was a minor.
> "3. Following the accident, a blood-alcohol test was administered to Defendant Logan and the results of that test showed he had a blood-alcohol content above .02.

3

"4. Defendant Logan was *per se* negligent for violating K.S.A. 8-1567a and the violation of that statute caused or contributed to the accident.

"5. Defendant Logan admits that he is 100% at fault for the accident and liability is not disputed.

"6. As a result of the accident, the Plaintiff incurred medical expenses in the amount of $5,258.61, and no other pecuniary damages.

"7. The Defendant admits the medical treatment the Plaintiff received was medically necessary.

"8. The Defendant admits that the amount of the medical expenses is reasonable.

"9. At the time of the accident, the Plaintiff was operating an uninsured vehicle that he owned, and Plaintiff failed to maintain personal injury protection benefits coverage on his vehicle as mandated by the Kansas Automobile Injury Reparations Act.

"10. The Plaintiff had failed to maintain such necessary coverage for longer than 45 days.

"11. The Plaintiff seeks to recover noneconomic damages."

On July 26, 2017, the district court issued a journal entry of judgment based on the stipulated facts. As to the conclusions of law, the district court acknowledged that Edwards waived any right to a jury trial and awarded him $5,258.61 in economic damages. The district court reiterated that K.S.A. 2017 Supp. 40-3130(a) is constitutional and that it bars Edwards from recovering noneconomic damages. Notably, the journal entry reflects the Intervenor's objection to Edwards being allowed to appeal the denial of his right to a jury trial when he voluntarily proceeded to a bench trial on stipulated facts. After the journal entry was filed, Edwards timely appealed.

On appeal, Edwards challenges the constitutionality of K.S.A. 2017 Supp. 40-3130(a), which states in part:

"Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain personal injury protection benefits coverage mandated by the Kansas automobile injury reparations act . . . shall have no cause of

4

action for recovery of noneconomic loss sustained as a result of an accident while operating an uninsured automobile."

Edwards claims that K.S.A. 2017 Supp. 40-3130(a) violates Section 5 (right to jury trial) and Section 18 (right to remedy) of the Kansas Constitution Bill of Rights. Specifically, Edwards argues that the statute does not provide an adequate "substitute remedy" to replace the constitutional rights that are lost as a result of the legislative enactment, thereby failing the quid pro quo test utilized by Kansas courts in analyzing the constitutionality of a statute. Edwards also claims that K.S.A. 2017 Supp. 40-3130(a) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the statute also violates his right to equal protection of the law. Edwards does not expressly state whether he is setting forth a facial or an as-applied challenge to the constitutionality of the statute.

Logan and the Intervenor both argue that K.S.A. 2017 Supp. 40-3130(a) is constitutional. But before addressing the merits of the constitutional issues, Logan and the Intervenor both raise procedural claims and argue that Edwards' appeal should be dismissed. Logan argues that this appeal is moot based on the settlement of the claims. Similarly, the Intervenor argues that Edwards has no Section 5 claim under the Kansas Constitution Bill of Rights because he expressly waived his right to a jury trial. Also, both Logan and the Intervenor argue that Edwards lacks standing to bring this appeal.

We will first address the mootness claim. Logan argues that Edwards mooted his own case by waiving his right to a jury trial and also by waiving his right to recover noneconomic damages. Because Edwards voluntarily settled his own case, Logan claims we should dismiss this appeal since appellate courts do not render advisory opinions.

As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy, which recognizes that

5

the role of the court is to ""determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."' [Citations omitted]." *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]). "An appeal will not be dismissed as moot unless it clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose." *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 3, 286 P.3d 866 (2012). Because the mootness doctrine is not a question of jurisdiction, it is subject to exceptions. For instance, courts may consider moot issues that are capable of repetition and raise concerns of public importance. 295 Kan. at 841. Finally, an appellate court has unlimited review over whether an issue is moot. 295 Kan. at 841.

Logan makes a good argument that this appeal is moot. The lawsuit started as a legitimate controversy between Edwards and Logan arising from an automobile accident on March 28, 2015. Edwards was injured from the accident, resulting in medical bills in the amount of $5,258.61. The district court ruled that because Edwards was an uninsured driver at the time of the accident, he was barred from recovering noneconomic damages pursuant to K.S.A. 2017 Supp. 40-3130(a). Despite this ruling, however, the district court permitted Edwards to present his noneconomic damages claim to a jury in case an appellate court reversed the ruling on the constitutionality of the statute.

Edwards had the option of presenting all his claims to a jury and then taking an appeal in the hope of recovering any noneconomic damages awarded by the jury. Instead, Edwards chose to settle his case with Logan. As part of the settlement agreement, Edwards voluntarily waived his right to a jury trial. He also waived his right to recover noneconomic damages from Logan and signed a release of all claims against Logan and his insurance company.

6

Edwards submitted his case to the district court for a bench trial on stipulated facts in the hope of appealing the district court's ruling on the constitutionality of K.S.A. 2017 Supp. 40-3130(a). But because Edwards has waived his right to a jury trial and his right to recover noneconomic damages from Logan, any finding by this court that the statute is unconstitutional would be ineffectual because, per the settlement agreement, Edwards cannot present his noneconomic damages claim to a jury. Simply put, even if Edwards wins this appeal, he is not entitled to recover noneconomic damages from Logan.

Edwards argues that the issue is not moot because if he wins this appeal, he will recover $2,000 pursuant to the settlement agreement. Edwards contends that this potential recovery of $2,000 shows that a decision by this court would not be ineffectual for any purpose. However, the settlement agreement does not specify that the contingent $2,000 payment is intended to represent the recovery of noneconomic damages. Moreover, parties cannot stipulate that an issue is not moot. See *State v. Hankins*, 304 Kan. 226, 232, 372 P.3d 1124 (2016) (recognizing that parties cannot stipulate to legal conclusions from admitted facts). Likewise, parties cannot place a wager in a contract to prevent an issue from being moot. Parties can stipulate to a set of facts that prevent an issue from being moot, but the stipulated facts here coupled with the settlement agreement show that the noneconomic damages issue is moot.

When the parties settled, Edwards voluntarily ended the actual controversy, making the case moot. We recognize the mootness doctrine is one of court policy and its application is subject to exceptions. But before deciding whether to apply any exception here, we will address the other procedural issues raised by Logan and the Intervenor.

Similar to the mootness argument, the Intervenor contends that Edwards has no Section 5 claim under the Kansas Constitution Bill of Rights because he expressly waived his right to a jury trial. "Waiver is the intentional relinquishment of a known right." *Razorback Contractors v. Board of Johnson County Comm'rs*, 43 Kan. App. 2d

7

527, 545, 227 P.3d 29 (2010), *rev. denied* 292 Kan. 956 (2011). By statute, waiver is an affirmative defense. K.S.A. 2017 Supp. 60-208(c)(1)(Q). To properly assert an affirmative defense, such as waiver, the responsive party must set forth the defense in an answer, other responsive pleading, or at trial. As such, a party cannot raise the defense of waiver for the first time on appeal. *Diversified Financial Planners, Inc. v. Maderak*, 248 Kan. 946, 948, 811 P.2d 1237 (1991) (failure to raise affirmative defense at trial waives that defense on appeal).

Here, while waiver was never raised in a responsive pleading, the Intervenor objected to Edwards being allowed to appeal the denial of his right to a jury trial when he voluntarily proceeded to a bench trial on stipulated facts, and the district court noted this objection in its journal entry of judgment. Thus, the Intervenor has preserved this argument for appeal. As the Intervenor points out, even if this court would find that K.S.A. 2017 Supp. 40-3130(a) is unconstitutional, Edwards still would not be entitled to a jury trial on noneconomic damages because he has voluntarily waived that right.

Next, both Logan and the Intervenor claim, for different reasons, that Edwards lacks standing to bring this appeal. To obtain standing, "a person must demonstrate that he or she suffered a cognizable injury and that there is a causal connection between the injury and the challenged conduct." *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 761, 189 P.3d 494 (2008). "To establish a cognizable injury, a party must establish a personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct." *Sierra Club v. Moser*, 298 Kan. 22, 33, 310 P.3d 360 (2013). Standing is a jurisdictional question over which an appellate court exercises unlimited review. *Bremby*, 286 Kan. at 750-51.

Logan argues that Edwards lacks standing because K.S.A. 2017 Supp. 40-3130(a) does not apply to Edwards. In making this claim, Logan focuses on language in the statute providing that the restriction on the recovery of noneconomic damages shall not

apply to any person who at the time of an automobile accident "has failed to maintain [insurance] coverage for a period of 45 days or less." K.S.A. 2017 Supp. 40-3130(a). Pointing to Edwards' pretrial deposition testimony that he only owned the vehicle in question for 29 days before the accident, Logan argues that the statute does not apply to Edwards and he lacks standing to challenge its constitutionality.

However, parties are generally bound to their stipulated facts and both trial and appellate courts must render judgment based on those facts. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 269, 202 P.3d 7 (2009). Here, the parties stipulated that Edwards had failed to maintain necessary insurance coverage for longer than 45 days prior to the accident, bringing him within the purview of the statute. Thus, we disagree that Edwards lacks standing to bring this appeal for the reason asserted by Logan.

The Intervenor argues that Edwards bears the burden of establishing standing, and because this case is before this court after a bench trial on stipulated facts, those facts must show that Edwards has standing to bring this appeal. The Intervenor asserts that in order for Edwards to have standing, the stipulated facts "must show he has suffered (or imminently will suffer) a concrete and particularized injury, that his injury was caused by K.S.A. 40-3130, and that the injury would be redressed by a favorable ruling."

Here, as the Intervenor points out, the stipulated facts state only that Edwards "seeks to recover" noneconomic damages, rather than stating that Edwards is entitled to recover them. Edwards and Logan could have stipulated that Edwards actually *sustained* noneconomic damages as a result of the car accident, but the parties did not do so. Now, we will never know if Edwards actually sustained noneconomic damages arising from the car accident because he waived his right to recover such damages, even after the district court permitted Edwards to present his noneconomic damages claim to a jury.

9

Still, Edwards' allegation that the statute unconstitutionally proscribed him from seeking noneconomic damages from a jury is a cognizable injury in itself. K.S.A. 2017 Supp. 40-3130(a) provides that any person who fails to maintain personal injury protection benefits mandated by Kansas law "shall have no cause of action" for recovery of noneconomic loss. Edwards has standing to challenge the constitutionality of the statute because the statute prohibits him from bringing a cause of action to recover noneconomic damages, solely because he was an uninsured driver at the time of the accident. It is unnecessary for Edwards to establish that he actually would have recovered noneconomic damages in order to have standing to bring this appeal.

Returning to the mootness claim, Kansas appellate courts generally do not decide moot questions or render advisory opinions. The role of the court is to determine real controversies relative to the legal rights of persons actually involved in the particular case properly before it. Edwards initially had such a case, but he settled it. Not only is this appeal moot as to the parties' actual controversey, but it is moot because of Edwards' own actions. We see no reason to address Edwards' claim in this case that K.S.A. 2017 Supp. 40-3130(a) violates his right to a jury trial under Section 5 of the Kansas Constitution Bill of Rights when Edwards voluntarily waived his right to a jury in district court. Likewise, we see no reason to address Edwards' claim in this case that the statute violates his right to a remedy under Section 18 of the Kansas Constitution Bill of Rights when Edwards waived his right to recover noneconomic damages from Logan.

Even if Edwards wins this appeal, he will not be entitled to receive a jury trial and he will not be entitled to pursue his remedy against Logan for the recovery of noneconomic damages. Edwards has waived the same constitutional rights—right to jury trial and right to remedy—that he is now asking our court to uphold for him. Any opinion that we would render in this appeal would be advisory only and would not affect the substantial rights of the parties. The mootness doctrine is one of court policy and although it is subject to exceptions, we do not believe that an exception is warranted here.

10

Based on a combination of mootness and waiver presented by the facts in this case, we decline to reach the merits of Edwards' constitutional claims on appeal.

Appeal dismissed.