NOT DESIGNATED FOR PUBLICATION

No. 117,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TONY LEWIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed August 24, 2018.
Reversed and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: This appeal involves the district court's denial of Tony Lewis'
K.S.A. 60-1507 motion without an evidentiary hearing. Lewis asserts that in doing so the
district court violated his right to due process. We agree and reverse the district court's
decision to deny a hearing and remand for an evidentiary hearing on Lewis' motion.

*Facts*

In Lewis' direct appeal following his 2010 trial, the Supreme Court described the
basic facts underlying his convictions:

1

"Tony T. Lewis was charged with multiple offenses following a series of attacks against three women during April and May of 2009 in Riley County. The general pattern for these crimes was that each victim was unknowingly followed to her apartment in the early morning hours after being out for the evening. Two women were raped and sodomized, while the third escaped after a struggle." *State v. Lewis*, 299 Kan. 828, 831, 326 P.3d 387 (2014).

A jury convicted Lewis of two counts of rape, three counts of aggravated criminal sodomy, plus additional counts of aggravated robbery, burglary, aggravated kidnapping, and aggravated assault. On November 15, 2010, he was sentenced to multiple lifetime terms without the possibility of parole.

Lewis appealed and his convictions were affirmed by our Supreme Court, but the court vacated Lewis' sentences and remanded the case to the district court for resentencing. 299 Kan. at 860. On August 12, 2014, Lewis was resentenced to a combined term of 928 months in prison with lifetime postrelease supervision thereafter. His sentences were ordered to be served consecutive to Lewis' current sentence in another district court on similar charges.

On March 14, 2016, Lewis filed a pro se motion under K.S.A. 60-1507. He claimed he was entitled to relief because (1) the district court violated his constitutional right by giving improper jury instructions, (2) his counsel violated his constitutional right by refusing to allow him to take the stand at trial, and (3) the prosecutor committed misconduct by withholding exculpatory evidence and knowingly presenting fabricated evidence. The court appointed counsel for Lewis to assist him in presenting his motion.

On October 3, 2016, the district court held a nonevidentiary preliminary hearing to determine if Lewis' petition for relief under K.S.A. 60-1507 stated a substantial issue of law or fact. Lewis was not present for the hearing. The judge who conducted the hearing was the same judge who presided over Lewis' trial. Lewis' counsel argued that there were

2

questions of fact requiring an evidentiary hearing to determine whether Lewis was prevented from testifying on his own behalf at trial and whether trial counsel should have taken steps to prevent K.S.A. 60-455 evidence from being introduced into evidence at trial. At the conclusion of the hearing the district court dismissed Lewis' motion, reasoning that Lewis failed to prove that there was any substantial issue of fact or law that needed to be resolved at a full evidentiary hearing. Lewis appealed.

*Time Limitation for K.S.A. 60-1507 Motion*

As a preliminary matter, the State argues for the first time on appeal that Lewis' K.S.A. 60-1507 motion was barred by the statute's one-year time limitation. The State argues that Lewis had one year from October 15, 2014, to file a motion under K.S.A. 60-1507 and that Lewis did not file his motion until March 14, 2016, some five months after the one-year period had expired. The State cites K.S.A. 2017 Supp. 60-1507(3) as requiring this court to dismiss the claim if it discovers the claim to be untimely.

Proceedings under K.S.A. 60-1507 are civil in nature and are governed by the rules of civil procedure. *Smith v. State*, 22 Kan. App. 2d 922, 923, 924 P.2d 662 (1996). The bar of a statute of limitations is not a jurisdictional bar, but rather an affirmative defense which must be pled. K.S.A. 2017 Supp. 60-208(c)(1)(P). A party may waive the statute of limitations defense, and the district court may proceed to hear and decide the case. *Diversified Financial Planners, Inc. v. Maderak*, 248 Kan. 946, 948, 811 P.2d 1237 (1991). If a party fails to properly assert an affirmative defense before the district court, it waives the defense on appeal. 248 Kan. at 948.

K.S.A. 2017 Supp. 60-1507(f) is comparable to a statute of limitations. See *Morningstar v. State*, No. 116,857, 2018 WL 297336, at *2 (Kan. App. 2018) (unpublished opinion) (calling K.S.A. 2017 Supp. 60-1507[f] a statute of limitations); *Bradford v. State*, No. 117,354, 2017 WL 6062089, at *1 (Kan. App. 2017) (unpublished

3

opinion) (calling K.S.A. 2016 Supp. 60-1507[f] a statute of limitations). Our statutes of limitation, when read together, do not impose an absolute, unconditional time bar to a civil action. They permit the tolling of the limitation period during the disability of the plaintiff (K.S.A. 60-508 and 60-515) or when the defendant has absconded, has concealed himself or herself, or has departed the state (K.S.A. 60-517). Similarly, the one-year time limitation of K.S.A. 2017 Supp. 60-1507(f) may be extended to prevent manifest injustice. Thus, the running of the one-year period in K.S.A. 2017 Supp. 60-1507(f) does not provide a jurisdictional bar that prevents the court from hearing the motion. Because the one-year time limit in K.S.A. 2017 Supp. 60-1507(f) is not jurisdictional, it may be waived if not asserted.

Here, the State did not assert the affirmative defense of untimeliness before the district court. Accordingly, this affirmative defense has been waived and cannot be considered on appeal.

*Review Standards*

Turning to the issue raised by Lewis, when the district court denies a K.S.A. 60-1507 motion without a full evidentiary hearing, our review is de novo to determine whether the motions, files, and records of the case conclusively establish that the movant is not entitled to relief. K.S.A. 2017 Supp. 60-1507(b); see *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Here, Lewis has the burden of establishing that the motion under K.S.A. 60-1507 warrants an evidentiary hearing. See *Trotter v. State*, 288 Kan. 112, 131, 200 P.3d 1236 (2009). We review matters of statutory and constitutional interpretation de novo as they are issues of law. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014); *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013). Finally, we have unlimited review over the interpretation of Supreme Court rules. *Mundy v. State*, 307 Kan. 280, 301, 408 P.3d 965 (2018).

*Appointment of Counsel for Preliminary Hearing on K.S.A. 60-1507 Motion*

Lewis first contends that the fact that the district court appointed counsel for him means that the district court believed that his petition raised a substantial issue of fact. In support of his argument, Lewis cites Supreme Court Rule 183(i) (2018 Kan S. Ct. R. 225), which provides:

> "**Right to Counsel.** If a motion to vacate, set aside, or correct a sentence presents a substantial question of law or triable issue of fact, the court must appoint counsel to represent an indigent movant."

But if the district court determines that a motion under K.S.A. 60-1507 *potentially* raises a substantial issue of fact, the district court *may* grant a preliminary hearing after the appointment of counsel "'to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the petitioner.'" *Mundy*, 307 Kan. at 301 (quoting *Lujan v. State*, 270 Kan. 163, 171, 14 P.3d 424 [2000]). As explained in *Mundy*, the mere fact that the district court appoints counsel for the movant does not demonstrate that the court believed there was a substantial issue of fact. 307 Kan. at 302-03. We are not persuaded by this portion of Lewis' argument.

*Evidence at Preliminary Hearing*

Next, Lewis contends that the fact that the district court allowed evidence at the preliminary hearing shows that the decision to deny an evidentiary hearing was not based solely on the motion, files, and records in the case. Lewis relies on Supreme Court Rule 183(f) (2018 Kan. S. Ct. R. 225), which provides in part:

5

"**Hearing.** Unless the motion to vacate, set aside, or correct a sentence and the files and records of the case in the sentencing court conclusively show that the movant is entitled to no relief, the court must grant a prompt hearing."

At this point, it is important to note that while Lewis' counsel addressed at the preliminary hearing Lewis' complaint about the admission of K.S.A. 60-455 evidence at trial, on appeal Lewis only argues that he is entitled to a full evidentiary hearing on his claim that he was denied the right to testify in his own defense at trial. He does not argue in his appellate brief that he should have been entitled to an evidentiary hearing on his claim regarding the K.S.A. 60-455 evidence.

In appellee's brief, the State pointed out the facts surrounding the introduction of K.S.A. 60-455 evidence at trial and the harmlessness of any possible error in view of the overwhelming evidence against Lewis. But Lewis did not submit a reply brief to address the State's assertions regarding the K.S.A. 60-455 evidence. Accordingly, we will only address Lewis' claim that he is entitled to an evidentiary hearing on his claim that he was not afforded the opportunity to testify at trial in his own defense. His claim regarding the admission of K.S.A. 60-455 evidence has been abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

We begin our analysis of this contention by noting the foundational principle, based upon the right to establish a defense guaranteed by the Sixth Amendment to the United States Constitution, that criminal defendants "have a right to testify in their own behalf." *Drach v. Bruce*, 281 Kan. 1058, 1066, 136 P.3d 390 (2006). The denial of this right is a denial of due process under the Fourteenth Amendment to the United States Constitution.

*Defense Counsel's Affidavit*

The State attached to its response to Lewis' motion the affidavit of Lewis' trial counsel. The affidavit was dated April 6, 2016. The State's response to Lewis' motion was filed on May 16, 2016. In the affidavit trial counsel stated:

> "That prior to the commencement of the jury trial in this case, affiant and Mr. Lewis discussed whether Mr. Lewis desired to testify in his own defense at the jury trial. Mr. Lewis was clear and unequivocal about the fact that he did not desire to testify in his own defense at the jury trial of this case.
> "That, during the course of the jury trial, and at the end of the State's case, affiant and Mr. Lewis again discussed his right to testify and again Mr. Lewis was firm in his decision not to testify in the jury trial conducted in this case."

At the preliminary hearing on Lewis' motion, Lewis' counsel asserted that Lewis alleged in his motion that "counsel failed to put Mr. Lewis on the stand at trial after he made it clear that he wanted to do so." He argued further:

> "Indeed I don't know if the Court made inquiry at the time of trial whether or not the defendant desired to testify and whether he waived that right on the record outside the presence of the jury. But be that as it may, this is again his allegation that . . . he did instruct her that he wished to testify, although I guess additionally I don't know if the record will reflect he had ever advised the Court that he desired to testify over the advice of his counsel.
> . . . .
> "[T]he two basic reasons that the Court should grant an evidentiary hearing is to clear up the issue of whether or not Mr. Lewis indeed advised [defense counsel] to testify. [I submit] to the Court that her Affidavit that's attached, while that may very well be her testimony at the evidentiary hearing, the defendant should be entitled to have an opportunity through new counsel to inquire of the trial counsel, and also an opportunity for the defendant to testify as to the particular facts and circumstances in that regard, as well as issues involving the 60-455."

7

In response, the State asked the court to take judicial notice of trial counsel's affidavit. The court did not specifically respond to this request. And in ruling on the matter, the district court did not specifically refer to the affidavit but found that "under the totality of all of these facts, I believe the record conclusively shows that Mr. Lewis is not entitled to the relief he requests, and he's failed to carry his burden to establish the need for an evidentiary hearing."

If by "the totality of all of these facts" the district court included the facts contained in the affidavit, the court effectively turned the preliminary hearing on whether to conduct a full evidentiary hearing into the evidentiary hearing itself.

Our Supreme Court described the three alternatives for resolving a K.S.A. 60-1507 motion: (1) summary dismissal if the motion, records, and files in the case disclose as a matter of law that the movant is not entitled to relief; (2) a preliminary hearing to determine if a full evidentiary hearing is required to resolve the issues raised in the motion; and if so (3) a full evidentiary hearing to determine whether the movant is entitled to relief. *Sola-Morales*, 300 Kan. at 881; see *Lujan*, 270 Kan. at 170-71.

In *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007), the court appointed counsel and conducted a preliminary hearing which consisted only of arguments of counsel. At the conclusion of the preliminary hearing, the court denied Bellamy's motion without a full evidentiary hearing. In discussing the option of a preliminary hearing of K.S.A. 60-1507 motions, the *Bellamy* court stated: "At the preliminary hearing, the district court may admit limited evidence and consider arguments of counsel." 285 Kan. at 354. The *Bellamy* court did not elucidate what that "limited evidence" might be, and the parties to the present appeal have not provided us any case which explains this phrase.

Nevertheless, we do not consider the affidavit of Lewis' trial counsel to be such "limited evidence" that the court should consider at the preliminary hearing stage. Nor do

8

we consider the affidavit to be part of the record that the court could consider at the preliminary hearing stage to summarily determine whether Lewis waived his right to testify at trial.

The affidavit was prepared specifically to support the State's opposition to Lewis' motion. It was filed of record as an attachment to the State's response to Lewis' motion. If such a document were to be considered part of the record for conclusively and summarily establishing whether the movant is entitled to relief, this would be an open invitation to salt the record with untested factual assertions in order to demonstrate that the record shows the movant is not entitled to relief.

We find guidance in the following from *State v. Webber*, 42 Kan. App. 2d 823, 828, 218 P.3d 1191 (2009):

> "[A] full evidentiary hearing in a K.S.A. 60-1507 proceeding is required when two requirements are met: First, the claims presented in the motion raise substantial fact issues; and second, the fact issues concern events about which the movant has personal knowledge because he or she participated in the events."

If anything, the presence of the affidavit underscores the fact that there is an issue of fact that involves an important legal principle—the right of a criminal defendant to testify at his own trial—for which a full evidentiary hearing is necessary.

*The Observations of the District Judge*

But the State argues that the district court judge did not rely on Lewis' trial counsel's affidavit in deciding the motion. If that is so, that leaves us with the recollections of the district court judge himself which were not memorialized in the trial

9

record. In ruling on the motion following the arguments of counsel, the court noted: "This case involving Mr. Lewis is one I will never forget." The court continued:

"I did not go back and check the transcript to determine whether I independently inquired of Mr. Lewis about his desire not to testify, but I am quite certain that at some point outside the presence of the jury [defense counsel] was asked whether or not the defendant wished to testify while he was present, and she indicated no, he did not wish to testify. Mr. Lewis certainly had the opportunity at that point to state that that was not his desire.

"Without checking the record I cannot say that I asked Mr. Lewis directly, but I know it's generally my practice to do that, but I may not have in this situation, but I do know he would have been present [with defense counsel] when she indicated he did not wish to testify.

. . . .

". . . Mr. Lewis had an opportunity at his sentencing, when he was given an opportunity to make a statement on his own behalf, to present any evidence, and at his resentencing to make some statement about his desire to testify at trial, and he didn't on either of those occasions."

There was no record in the trial transcript of the district court judge ever asking Lewis if he wished to testify or to waive that right. The trial judge appears quite solid in his belief that the issue was addressed off the record at trial, but he does concede, "I cannot say that I asked Mr. Lewis directly, but I know it's generally my practice to do that, but I may not have in this situation."

*Taylor v. State*, 252 Kan. 98, 843 P.2d 682 (1992), arose in the context of a K.S.A. 60-1507 proceeding in which the defendant contended his trial counsel was ineffective in denying him his constitutional right to testify on his own behalf at his criminal trial. The district court convened a full evidentiary hearing on Taylor's motion. Taylor testified at the hearing that throughout the trial he made repeated requests to testify on his own behalf but his counsel refused to call him to testify. Taylor's counsel testified that he

10

asked Taylor if he wanted to testify and Taylor responded, "'I'm gonna follow your advice, I'm not gonna testify.'" 252 Kan. at 101. Counsel testified further, "'I know what the law is. I know he has a right to testify. And I told him. There's no doubt that I told him.'" 252 Kan. at 101.

In resolving the issue, the district court found:

"The evidence presented in this action demonstrates a conflict of testimony concerning the conversations between the Petitioner and his trial counsel.

". . . The important conversation or conversations are not those which were held here at the courthouse during the course of the trial.

. . . .

". . . It is more probably true than not that the Petitioner wished to testify. . . . [And] that [defense counsel] did not want him to testify. . . . [And] that the Petitioner followed his attorney's advice and decided not to testify even though he wanted to testify.

". . . The Petitioner understood that he had the right to testify." 252 Kan at 102.

In affirming the district court, our Supreme Court stated:

"A trial court has no duty sua sponte to address a silent defendant and inquire whether he or she knowingly and intelligently waives the right to testify. An express waiver, on the record, is not necessary because a defendant's conduct provides a sufficient basis from which to infer that the right to testify is waived. There is a danger that by asking a defendant if he or she is aware of his right to testify, a trial court may inadvertently influence a defendant to waive the equally fundamental right against self-incrimination." 252 Kan. 98, Syl. ¶5.

But taken in context, this does not suggest that *no one* has to address a criminal defendant's right to testify at trial. In *Taylor*, although the trial judge did not inquire on the record whether the defendant wished to testify on his own behalf, the defendant asserted in his K.S.A. 60-1507 motion that in off-the-record discussions his counsel

11

refused to call him to testify, and the district court found this assertion worthy of a full evidentiary hearing.

Here, the district judge's recollections about Lewis not asserting on the record his right to testify does not end the debate. As in *Taylor*, the lack of an on-the-record advisory of the defendant's right to testify does not foreclose the need for an evidentiary hearing to determine whether Lewis wanted to testify, but his trial counsel denied him that right.

Lewis' factual assertion stands in conflict with the assertions of his trial counsel in an untested affidavit and the recollections of the trial judge about off-the-record proceedings which may or may not have occurred and which are not dispositive of the issue. Under these circumstances, the proper solution should have been to conduct an evidentiary hearing at which Lewis could testify and confront the affidavit's author, rather than summarily resolving this fact dispute with an untested affidavit or the trial judge's recollections of off-the-record proceedings.

Accordingly, we reverse and remand for the district court to conduct a full evidentiary hearing on Lewis' claim for relief based on the claim that he was not afforded the right to testify in his own defense.

Because we have determined that the district court erred in denying relief on Lewis' motion without conducting an evidentiary hearing, Lewis' final claim of error based upon him not being present at the preliminary hearing is now moot.

Reversed and remanded for further proceedings.