NOT DESIGNATED FOR PUBLICATION

No. 121,681

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES LEE JAMERSON,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed August 7, 2020. Reversed and remanded.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellee.

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: James Lee Jamerson appeals the district court's dismissal of his K.S.A. 60-1501 petition. For the reasons stated in this opinion, we reverse the district court's judgment and remand for further proceedings.

FACTS

The record presents a confusing set of facts. Jamerson pled guilty to second-degree murder, aggravated robbery, and conspiracy to commit aggravated robbery in a 2001 Shawnee County criminal case. See *State v. Jamerson*, 54 Kan. App. 2d 312, 313,

1

399 P.3d 246 (2017). In January 2016, the district court resentenced Jamerson after he successfully filed an illegal sentence motion challenging his criminal history score. At the resentencing, Jamerson agreed to pay the $5,644.85 in restitution that had been imposed at the original sentencing. 54 Kan. App. 2d at 313. The journal entry also included $193 in court costs, $200 for the DNA database fee, and $100 for the Board of Indigents' Defense Services fee.

On May 4, 2016, Jamerson won a property settlement claim against the Kansas Department of Corrections (KDOC) for a lost battery charger and recovered $28.75. Rather than put the money in his inmate account, KDOC sent the money to Butler and Associates, a collection agency for the Shawnee County District Court, to be applied towards the $5,644.85 Jamerson owed in restitution. Jamerson did not receive notice of this transfer until five days after KDOC took the money from his account. The notice contained a copy of the check and stated KDOC sent the money to Butler and Associates "[i]n accordance with [Internal Management Policy and Procedure] 01-118."

On August 10, 2016, Jamerson, an inmate at the El Dorado Correctional Facility, filed a petition for writ of habeas corpus under K.S.A. 60-1501 in Butler County District Court challenging the KDOC's action of sending his $28.75 to Butler and Associates. The petition named James Heimgartner, prison warden, and David C. Ferris, prison business manager, as respondents. The respondents will be collectively referred to in this opinion as the KDOC. Jamerson's petition alleged that (1) Internal Management Policy and Procedure (IMPP) 01-118 is unconstitutional because it allows the taking of property without providing due process and (2) if he was given due process, he would have explained that his restitution was not due until he was on parole. Jamerson claimed that KDOC sent the money to Butler and Associates after the collection agency had sent Ferris a notice stating Jamerson was in default on his restitution.

2

On December 6, 2016, the Butler County District Court transferred the case to Cowley County when Jamerson moved to Winfield Correctional Facility. Then on May 8, 2017, after Jamerson moved to Hutchinson Correctional Facility, the Cowley County District Court transferred the case to Reno County. The Reno County District Court originally scheduled an evidentiary hearing for June 21, 2017, but the district court continued the hearing several times.

Meanwhile, on June 16, 2017, the Court of Appeals issued a decision in another case filed by Jamerson in which he challenged the district court's garnishment order issued to collect his restitution. See *Jamerson*, 54 Kan. App. 2d at 316. This court agreed with Jamerson, finding that because the sentencing court did not explicitly state that restitution payments would begin immediately, his restitution was not due until he was released and so the garnishment order was unenforceable. 54 Kan. App. 2d at 317.

On January 31, 2018, the district court held a hearing. The exact purpose of the hearing was unclear; in fact, the judge began the hearing by stating that "I can't remember what we're here for." Jamerson appeared pro se but the KDOC appeared by counsel. No evidence was presented at the hearing, but both parties made representations about the status of the case and whether any valid claims were pending. The KDOC's counsel stated that he had learned that the $28.75 at issue was being kept by the Shawnee County District Court and applied to court costs instead of restitution and that Jamerson knew about that arrangement. Jamerson denied that statement and responded that he was "in talks" with Butler and Associates about recovering court costs from his other case, "but that's separate from what this is." The KDOC's counsel suggested the entire case was moot because Jamerson had settled his claim with Butler and Associates. Jamerson denied that any settlement was final and asserted that he still had a valid claim challenging the constitutionality of IMPP 01-118. The district court ended the hearing by continuing the case until March 14, 2018, stating the issue "may be moot by then."

3

On February 7, 2018, the KDOC moved to dismiss. In the motion to dismiss, the KDOC stated as facts that (1) Jamerson was seeking recovery of the $28.75 garnished from his account by Butler and Associates; (2) after the funds were transferred the Kansas Court of Appeals stated, in a separate case, that Jamerson could not be garnished while he was incarcerated; (3) Jamerson failed to disclose that the $28.75 was now being kept for court costs; (4) Jamerson admitted that he reached a settlement with Butler and Associates to reimburse him for the amount he believes he is entitled to; and (5) Jamerson's claim is now moot because he has no remaining claim for the $28.75.

On February 15, 2018, the district court issued an order from the January 31, 2018 hearing, making the following "conclusions of fact":  (1) Jamerson was seeking recovery of the $28.75 garnished from his account by Butler and Associates; (2) after the funds were transferred the Kansas Court of Appeals stated, in a separate case, that Jamerson could not be garnished while he was still incarcerated; (3) the district court kept the $28.75 for court costs; and (4) Jamerson reached a settlement with Butler and Associates to reimburse him for the amount he believes he is entitled to.

Also, on February 15, 2018, Jamerson responded to the KDOC's motion to dismiss. The response stated:  "Butler and Associate[s] is not returning the [$]28.75. . . . They are however returning the [$]405.92 it cost me to bring my winning issue before the court of appeals. . . . The [$]28.75 is a completely different issue."

On April 11, 2018, the district court entered an order of continuance stating that "this case [is] under advisement to decide the constitutionality of IMPP 01-118." The order continued the case "for control purposes" to May 9, 2018.

On June 21, 2019, the district court filed an "Opinion and Journal Entry" dismissing Jamerson's petition for habeas corpus. The journal entry incorporated the district court's factual findings from its order filed on February 15, 2018. The district

4

court found that Jamerson had settled his claim with Butler and Associates but noted that it was not privy to the basis of that claim. The district court also assumed that Jamerson had received notice of the garnishment order seeking to recover restitution and that he "would have had an opportunity to file a reply in which he could assert his claim that he could not be garnished while still incarcerated on the sentence that included the Order of Restitution." Based on these facts, the district court found that Jamerson's claim for the money was moot because he is entitled to only "one [s]atisfaction." The district court also found that Jamerson did not state a constitutional violation because the KDOC could not provide another forum for Jamerson to challenge the district court's garnishment order and because Jamerson had received due process rights under the garnishment action. The district court concluded that the case must be dismissed because Jamerson's petition "failed to state a cause of action." Jamerson timely appealed the district court's judgment.

ANALYSIS

On appeal, Jamerson claims the district court erred in dismissing his habeas corpus petition without reaching the merits of his claims. Conversely, the KDOC argues that the district court did not err in dismissing Jamerson's petition because it failed to state a claim for which relief may be granted.

To begin with, the KDOC summarily argues, for the first time on appeal, that Jamerson did not prove he exhausted his administrative remedies before filing his K.S.A. 60-1501 petition. The KDOC asserts no specific facts to support this argument. But the record shows that Jamerson attached to his petition a copy of his informal grievance, his complaint with the unit team's response, the warden's response, and his appeal to the Secretary of Corrections and the corresponding response. Thus, it is unclear how Jamerson failed to exhaust his administrative remedies as the KDOC summarily alleges. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

5

The KDOC also argues for the first time on appeal that Jamerson did not timely file his petition. An inmate must file a petition for writ of habeas corpus "within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2019 Supp. 60-1501(b). The KDOC asserts that it can raise this issue now because the time limit is jurisdictional, citing *Peters v. Kansas Parole Bd., Sec'y of Corr.*, 22 Kan. App. 2d 175, 915 P.2d 784 (1996) (finding motion filed outside the 30-day time limit was properly barred by the district court). But *Peters* does not state that the time limit is jurisdictional. And recent caselaw treats the time limit as a statute of limitations instead of a jurisdictional bar. See *Knittel v. Kansas Prisoner Review Bd.*, No. 111,552, 2014 WL 6777450, at *3 (Kan. App. 2014) (unpublished opinion). Because the time limit is treated as a statute of limitations, not a jurisdictional bar, if a party fails to assert the defense before the district court, then it waives the defense on appeal. See *Knittel*, 2014 WL 6777450, at *3 (citing *Diversified Financial Planners, Inc. v. Maderak*, 248 Kan. 946, 948, 811 P.2d 1237 [1991]). Because the KDOC failed to raise the 30-day time limit before the district court, it has waived the defense on appeal.

Turning to Jamerson's challenge to the district court's dismissal of his petition, Jamerson argues the district court erred in dismissing his petition because he raised a colorable due process violation claim. Jamerson argues KDOC violated his due process rights when it sent his property—the $28.75 he won in a property settlement case—to Butler and Associates, under IMPP 01-118, without giving him a chance to contest whether his restitution was currently due. Jamerson argues that his restitution was not due while he was incarcerated, and he would have explained this if he was granted a hearing before KDOC took the money from his account. He argues that the district court erred in finding that his claim against Butler and Associates had been settled and in assuming that he had received notice of the garnishment because "[t]hese facts were not in evidence."

An appellate court has unlimited review of a summary dismissal of a K.S.A. 60-1501 action. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). Likewise, the issue of whether due process has been afforded in a K.S.A. 60-1501 action is a question of law over which an appellate court has unlimited review. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001).

While not explicitly stated, Jamerson's claim that the district court relied on facts not in evidence in dismissing his case raises a preliminary question: Did the district court use the proper standard in ruling on the KDOC's motion to dismiss? Generally, when examining a motion to dismiss, the district court should examine the petition and "*if, on the face of the petition*, it can be established that petitioner is not entitled to relief, or *if, from undisputed facts, or from uncontrovertible facts*, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. (Emphases added.) *Johnson*, 289 Kan. at 648-49. In examining the petition under this standard, courts must take the facts asserted by the petition as true. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*Did the district court err in finding that Jamerson had settled his claim?*

The KDOC moved to dismiss and alleged that Jamerson had settled his claim with Butler and Associates. But this fact was not in Jamerson's petition and the record does not establish this claim as an undisputed fact. At the hearing on January 31, 2018, the KDOC's counsel made a vague argument that Jamerson had settled his claim but offered no evidence to support the argument. Jamerson denied that any settlement was final. The district court then filed an order following the hearing with a "conclusion of fact" that Jamerson had reached a settlement with Butler and Associates. The district court then relied on this fact in its journal entry, dismissing Jamerson's petition because he had reached a settlement and was entitled to only "one [s]atisfaction."

7

When the district court considers matters outside the well-pleaded allegations of the inmate's petition—such as material attached to KDOC's motion to dismiss—K.S.A. 2019 Supp. 60-212(d) requires the district court to treat the motion to dismiss as a motion for summary judgment. Under those circumstances, all parties must receive a reasonable opportunity to present all material pertinent to the motion. K.S.A. 2019 Supp. 60-212(d); *Sperry v. McCune*, 305 Kan. 469, 481, 384 P.3d 1003 (2016). Thus, parties should comply with Supreme Court Rule 141 (2020 Kan. S. Ct. R. 205), and the court should apply the summary judgment standard in ruling on the merits. 305 Kan. at 481-82. Under the summary judgment standard, the district court should only render judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits or declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." K.S.A. 2019 Supp. 60-256(c)(2).

Here, the district court did not examine the face of Jamerson's petition and take the facts as true, nor did it rely on undisputed or uncontroverted facts in the record when it issued its order to dismiss. Instead, it considered the fact of a settlement alleged in the KDOC's motion to dismiss and argued by the KDOC's counsel at the January 31, 2018 hearing, with no evidence to support the argument. Not only was the settlement a fact outside Jamerson's petition but it was a controverted fact. The KDOC argues on appeal that Jamerson admitted this settlement at the January 31, 2018 hearing. But at that hearing Jamerson explained that the settlement was for a prior case he won against Butler and Associates. Additionally, in his response filed the same day as the district court's findings of fact, Jamerson stated the settlement was for a different case and was "a completely different issue." Because the district court relied on the settlement, which was a contested fact from outside Jamerson's petition, the district court erred in not treating the motion for dismissal as a motion for summary judgment. See 305 Kan. at 488-89.

*Did the district court err in finding that Jamerson received notice of the garnishment?*

Jamerson also argues that the district court relied on facts not in evidence when it assumed Jamerson received notice of a garnishment order. The district court dismissed Jamerson's petition for failing to state a claim finding that "[Jamerson] had a right to Due Process, namely notice of the service of the Order of Garnishment, in Shawnee County case 01 CR 668. The [K]DOC would not have authority to provide another forum for [Jamerson] to challenge the Orders of the Shawnee County District Court in case 01 CR 668." The district court's conclusion rests on its finding of fact that "Butler and Associates . . . caused a garnishment to issue and be served on [KDOC]. [K]DOC answered and subsequently Butler and Associates caused an Order to be issued to [K]DOC to pay in the small amount that [Jamerson] had previously recovered."

Jamerson is correct, the district court again relied on a fact outside his petition in ruling to dismiss this action. After thorough review of the record, it is unclear whether the money was taken from Jamerson's account under a garnishment order and there is no indication that Jamerson received notice of any alleged garnishment order. In fact, Jamerson's petition asserted that the money was sent to Butler and Associates based on a letter from Ferris, attached to the petition, stating the money was sent "[i]n accordance with IMPP 01-118," which is the authority Jamerson is challenging in his petition. IMPP 01-118(V)(D) states: "Pursuant to K.S.A. 46-920, if an offender owes an outstanding unpaid amount of court-ordered restitution, the facility business office shall withdraw from the offender's trust account as a set-off: [m]oney received by the offender from [KDOC] as a settlement of a claim pursuant to this IMPP." It does not explicitly mention a garnishment order but states the money would be transferred as a set-off.

Thus, it is not clear from Jamerson's petition that the $28.75 was taken through a garnishment order, and there is no indication that he received notice of a garnishment. Yet the district court relied on this factual finding to conclude that Jamerson could have

9

contested the garnishment in district court and was not denied due process. As stated above, when the district court considers matters outside the well-pleaded allegations of the inmate's petition, the district court must treat the motion to dismiss as a motion for summary judgment. K.S.A. 2019 Supp. 60-212(d). Here, the district court applied the wrong standard in granting the KDOC's motion to dismiss.

In sum, the district court erred by granting the KDOC's motion to dismiss by relying on facts outside the pleadings which were, in fact, disputed by Jamerson. In its brief on appeal, the KDOC invites us to address the merits of some of Jamerson's claims in his petition even though the district court did not do so. For instance, the KDOC includes a section of its brief arguing that IMPP 01-118 is not unconstitutional. The KDOC also argues that an inmate cannot seek money damages in a habeas corpus action and asserts that Jamerson is seeking an improper remedy. But the district court dismissed Jamerson's petition on other grounds without addressing the merits of these issues, and we find that the district court erred by doing so. We decline the KDOC's invitation to address these new issues for the first time on appeal, and instead we remand the case to the district court for further proceedings.

Finally, to assist the district court on remand, we question the district court's practice of conducting any substantive hearing in this case where Jamerson appears pro se and the KDOC appears by counsel, such as the hearing the court held on January 31, 2018. That hearing may have begun as a status conference, but both parties argued the merits of the case, and the district court relied on the arguments to issue "conclusions of fact" which it incorporated into its journal entry of dismissal. "Even in circumstances where a K.S.A. 60-1507 movant is not statutorily entitled to the appointment of counsel, if the court conducts a hearing at which the State will be represented by counsel, due process of law requires that the movant be represented by counsel unless the movant waives that right to counsel." *Stewart v. State*, 310 Kan. 39, Syl. ¶ 2, 444 P.3d 955 (2019); see also K.S.A. 22-4506 (requiring district court to appoint counsel for an

10

indigent prisoner in a habeas corpus action if the court finds that the petition presents substantial questions of law or triable issues of fact). We believe this point of law applies equally to a hearing in a K.S.A. 60-1501 action as it does to a hearing under K.S.A. 60-1507. On remand, if the district court conducts any substantive hearings in which the KDOC is represented by counsel, due process requires that Jamerson be represented by counsel unless he waives that right to counsel on the record.

Reversed and remanded.